IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AUGUSTO COTTE and MERCEDES HIDALGO,<br><br>                    Plaintiffs,<br>v.<br><br>CVI SGP ACQUISITION TRUST; CVI SGPCO ACQUISITION TRUST; and JOHN DOES 1-10,<br><br>                    Defendants. | **MEMORANDUM DECISION AND ORDER CERTIFYING SETTLEMENT CLASSES, APPOINTING PLAINTIFFS AS CLASS REPRESENTATIVES, APPOINTING CLASS COUNSEL, AND PROVIDING FOR NOTICE TO CLASS MEMBERS**<br><br>Case No. 2:21-cv-00299-JNP-DAO<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Augusto Cotte and Mercedes Hidalgo ("Plaintiffs") move the court to certify settlement classes, appoint class representatives, appoint class counsel, and provide notice to class members in their action against CVI SGP Acquisition Trust and CVI SGPCO Acquisition Trust ("Defendants"). ECF No. 44. Having reviewed Plaintiffs' filing, the court GRANTS this motion.

## BACKGROUND

Defendants allegedly filed debt collection lawsuits against over a hundred Utah residents without registering as collection agencies, bureaus, or offices pursuant to UTAH CODE ANN. § 12-1-1. Plaintiffs bring this action under the Utah Consumer Sales Practices Act ("UCSPA") and the Fair Debt Collection Practices Act ("FDCPA") to seek recovery for the violation of these borrowers' rights.[1]

---

[1] Plaintiffs also originally sought injunctive relief. However, after this court's partial grant of Defendants' motion to dismiss, Plaintiffs filed an amended complaint without this request. ECF No. 31.

On June 16, 2021, Defendants filed a motion to dismiss Plaintiffs' claims. ECF No. 14. On February 15, 2022, the court granted this motion in part and denied it in part. ECF No. 29. While allowing claims under the FDCPA to move forward, the court found that Plaintiffs' complaint did not contain sufficient allegations to support a claim under the UCSPA. At the court's suggestion, on March 8, 2022, Plaintiffs filed an amended complaint that contained additional facts pertaining to the UCSPA claims, allowing this prong of the suit to proceed to the next stages of litigation. ECF No. 31.

On November 11, 2022, after nine months of negotiations, Plaintiffs alerted the court that the parties had reached an agreement to settle this action on a class basis. ECF Nos. 44 & 44-2. If approved, the settlement would create a common fund of $152,000 to compensate a class of approximately 169 individuals for damages under the FDCPA and UCSPA. This fund would also pay incentive fees to class representatives, class administration costs, and attorney's fees. To effectuate the settlement, Plaintiffs moved for an order certifying two classes, granting preliminary approval of the settlement, appointing class representatives, appointing class counsel, and providing notice to class members. Plaintiffs sought to define the FDCPA class as:

1. All individuals;
2. Against whom a Defendant filed a debt collection lawsuit;
3. Where the lawsuit was filed in Utah;
4. To collect a 'debt' as defined by 15 U.S.C. § 1692(a)(5);
5. While said Defendant was unregistered as a debt collector pursuant to Utah Code § 12-1-1; and where the lawsuit was filed between April 10, 2020, and the date on which the Court enters a Preliminary Approval Order . . . .

*Id*. at 2-3. And they sought to define the UCSPA class as:

1. All individuals;
2. Against whom a Defendant filed a debt collection lawsuit;
3. Where the lawsuit was filed in Utah;
4. To collect a debt incurred in connection with a "consumer transaction" as defined by Utah Code § 13-11-3(2); and

> 5. Where the lawsuit was filed between April 10, 2016, and the date on which the Court enters a Preliminary Approval Order . . . .

*Id.* at 3. Six days after Plaintiffs filed this motion, Defendants filed a notice of non-opposition. ECF No. 45. The court now takes Plaintiffs' motion under consideration.

## LEGAL STANDARD

The settlement of a class action suit may only occur with the court's approval and is governed by Federal Rule of Civil Procedure 23(e). Pursuant to Rule 23(e)(1)(B), the court will provide for notice of the proposed settlement to be sent to class members only if the parties show "the court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e). The district court's "independent obligation to conduct a 'rigorous analysis' before concluding that Rule 23's requirements have been satisfied" persists even when the parties stipulate for purposes of settlement. *Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc.*, 725 F.3d 1213, 1217 (10th Cir. 2013).

To satisfy the first requirement of Rule 23(e)(1)(B), the parties must show that the court will likely be able to approve the proposed settlement as "fair, reasonable, and adequate" under Rule 23(e)(2), after notice is provided to class members. The Tenth Circuit instructs district courts making this determination to consider whether, "(1) the settlement was fairly and honestly negotiated, (2) serious legal and factual questions placed the litigation's outcome in doubt, (3) the immediate recovery was more valuable than the mere possibility of a more favorable outcome after further litigation, and (4) [the parties] believed the settlement was fair and reasonable." *Tennille v. Western Union Co.*, 785 F.3d 422, 434 (10th Cir. 2015) (citation omitted).

Rule 23(e)(2) includes a separate, but related, set of recently adopted factors in addition to those set out by the Tenth Circuit test. Under Rule 23(e)(2), the court must consider whether:

>(A) the class representatives and class counsel have adequately represented the class;
>(B) the proposal was negotiated at arm's length;
>(C) the relief provided for the class is adequate, taking into account:
>>(i) the costs, risks, and delay of trial and appeal;
>>(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>>(iii) the terms of any proposed award of attorney's fees, including timing of payment;
>>(iv) any agreement required to be identified under Rule 23(e)(3); and
>
>(D) the proposal treats class members equitably relative to each other.

The Rule 23(e)(2) factors are similar in substance to those included in the Tenth Circuit test. The Rule 23 advisory committee notes indicate that "the goal of the [Rule 23(e)(2) factors] is not to displace any [common law] factor, but rather focus the court" on core concerns of procedure and substance. Fed. R. Civ. P. 23(e)(2) advisory committee's note to the 2018 amendments. This commentary has led some courts to question whether the newly adopted factors in Rule 23(e)(2) supersede the pre-existing Tenth Circuit factors. *Chavez Rodriguez v. Hermes Landscaping*, No. 17-2142-JWB-KGG, 2020 WL 3288059, at *2 (D. Kan. Jun. 18, 2020) (discussing the 2018 amendments to Rule 23 and applying both sets of factors); *Cisneros v. EP Wrap-It Insulation, LLC*, 2021WL 2953117, at *6 (D.N.M. Jul. 14, 2021) (discussing the amendments to Rule 23 and applying the Rule 23(e)(2) factors). The Tenth Circuit has applied its own test in at least one recent unpublished case. *Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 807 F. App'x 752 (10th Cir. 2020). And courts in the District of Utah tend to examine both sets of factors in order to ensure that settlements unquestionably satisfy the first prong of Rule 23(e)(1)(B). *See e.g.*, *Lawrence v. First Fin. Inv. Fund V, LLC*, No. 219CV00174RJSCMR, 2021 WL 3809083, at *3 (D. Utah Aug. 26, 2021)

To meet the requirements of the second Rule 23(e)(1)(B) prong, the parties must show that the court will likely be able to certify the settlement class after notice is provided to class members.

To obtain class certification, a plaintiff "must affirmatively demonstrate his compliance with Rule 23," which requires him to show, under a strict burden of proof, that he meets all four prerequisites under Rule 23(a). *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (quotation marks and citation omitted); *see Trevizo v. Adams*, 455 F.3d 1155, 1162 (10th Cir. 2006). Those prerequisites are: "(1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation." *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1228 (10th Cir. 2013). Next, a plaintiff must establish that his class falls into one of the three categories under Rule 23(b). *See Esplin v. Hirschi*, 402 F.2d 94, 98 (10th Cir. 1968). Plaintiffs argue that their classes satisfy the requirements of Rule 23(b)(3), which "allows certification of a class when the court finds that questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is therefore superior to other available methods for fairly and efficiently adjudicating the controversy." *Tabor*, 703 F.3d at 1230 (quotation marks and citation omitted).

"The decision whether to grant or deny class certification involves intensely practical considerations . . . and therefore belongs within the discretion of the trial court." *Id.* at 1227. The court should certify a class only if, "after rigorous analysis," it is convinced "that the prerequisites of Rule 23[] have been satisfied." *Comcast*, 569 U.S. at 33 (citation omitted). To determine if a plaintiff has met his burden, the court "must accept the substantive allegations of the complaint as true" and "may probe behind the pleadings and examine the facts and evidence in the case." *Tripp v. Berman & Rabin, P.A.*, 310 F.R.D. 499, 503 (D. Kan. Sept. 29, 2015) (quotation marks and citations omitted). This analysis "frequently will entail some overlap with the merits of the plaintiff's underlying claim," *Id.* (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011)) (brackets and ellipses omitted).

## ANALYSIS

The court first considers whether Plaintiffs have satisfied the requirements for class certification under Rule 23(a) and 23(b). It then decides whether the proposed settlement is "fair, reasonable, and adequate" under Rule 23(e)(1)(B)(i).

### I.   CLASS CERTIFICATION

In order to certify the proposed classes in this action, the court must find that the classes accord with Rule 23(a). It must also determine that the proposed classes meet the requirements of one of the three class action categories listed in Rule 23(b).

#### A.   RULE 23(A)

Rule 23(a) permits

> [o]ne or more members of a class [to] sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a)(1)–(4). "[T]he party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Wallace B. Roderick Revocable Living Tr.*, 725 F.3d at 1217 (quotation marks and citation omitted). Each factor is now examined in turn.

##### 1.   Numerosity

The court must determine whether the proposed classes are "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). While the Tenth Circuit has not provided a precise number of members a class must contain to receive certification, circuit courts generally allow district courts to certify classes with far fewer members than the approximately 169 present

in the classes proposed here. For instance, the Fourth Circuit has affirmed the certification of classes with as few as 18 members, *see Cypress v. Newport News General and Nonsectarian Hospital Ass'n*, 375 F.2d 648, 653 (4th Cir. 1967), and the Second Circuit presumes that a class meets the numerosity requirement so long as it contains 40 members, *see e.g., Consol. Rail Corp. v. Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995). With 169 members, the proposed classes easily satisfy the numerosity requirement.

2. **Commonality**

The court must find that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). To satisfy this requirement, plaintiffs must show that class members can assert a "common contention . . . capable of class-wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart*, 564 U.S. at 350. Here, the proposed classes meet the commonality requirement. The question common to all class members is whether "Defendants' alleged practice of pursuing debt collection actions while unlicensed violates the FDCPA and the UCSPA." ECF No. 44 at 4. This is a simple matter of law with an answer that does not vary based on the individual facts of each class member's case against Defendants. In *Lawrence v. First Financial*, the District of Utah found that a nearly identical question in an almost identical class action met the commonality requirement. *Lawrence v. First Fin. Inv. Fund V, LLC*, 336 F.R.D. 366 (D. Utah 2020). The *Lawrence* court noted that the requirement was satisfied because "if the court determined [the defendant] is not liable under the [FDCPA and UCSPA], the claims would be resolved for *each* class member." *Id*. at 375 (emphasis added). This court applies the same reasoning and finds that there are questions of law common to both of the proposed classes.

3. **Typicality**

The court must find that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "[T]he typicality inquiry involves comparing the injury asserted in the claims raised by the named plaintiffs with those of the rest of the class. [Courts] do not insist that the named plaintiffs' injuries be identical with those of the other class members, only that the unnamed class members have injuries similar to those of the named plaintiffs and that the injuries result from the same, injurious course of conduct." *Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014) (citation omitted). Here, both named plaintiffs allege that they were subjected to a debt collection lawsuit just as other members of the proposed classes were. Therefore, the class representatives satisfy the typicality requirement.

4. **Adequacy**

The court must find that the proposed class representatives and class counsel "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187–88 (10th Cir. 2002) (citation omitted). Here, the named plaintiffs and their counsel do not have any apparent conflict with the interests of the classes. Moreover, Plaintiffs have retained counsel with substantial experience in litigating FDCPA and UCSPA class actions.[2] Thus, the court finds that the adequacy requirement has been satisfied and, consequently, holds that the proposed settlement classes comply with each of the Rule 23(a) factors.

---

[2] Plaintiffs' counsel in this case was previously appointed as class counsel in two nearly identical actions. *See* ECF No. 44-2 at 2.

B. RULE 23(B)

In addition to satisfying Rule 23(a), a class must also meet the requirements of one of three categories of class actions under Rule 23(b). Here, Plaintiffs argue that the proposed classes fall under Rule 23(b)(3). A court may certify a class under Rule 23(b)(3) if it "finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The two key Rule 23(b)(3) requirements are commonly labeled "predominance" and "superiority." *See e.g., Edwards v. First American Corp.*, 798 F.3d 1172, 1178 (9th Cir. 2015).

1. **Predominance**

The "predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation" and "asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues." *CGC Holding Co., Ltd. Liab. Co. v. Broad & Cassel*, 773 F.3d 1076, 1087 (10th Cir. 2014) (citation omitted). Here, the common issue—whether Defendants violated the FDCPA and UCSPA by bringing debt collection lawsuits without a license—is the primary question of the case. At this stage of litigation, the case involves negligible disputes of facts and few questions of law besides the specified common issue. Moreover, the court predicts that any future outcome of the case will almost certainly revolve around the aforementioned common legal issue. Indeed, the certification order in *Lawrence v. First Financial* comports with this analysis. 336 F.R.D. at 381-385. There, the court engaged in a detailed analysis of each issue at play in a case with nearly identical material facts. *Id*. Though Defendants contested class certification, the court still found that common issues predominated. *Id*. This court adopts the reasoning in *Lawrence* and decides that the proposed classes here satisfy Rule 23(b)(3)'s predominance prong.

## 2. Superiority

When deciding whether a class action is superior to other available methods of trying the case, courts examine "(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action." Fed. R. Civ. P. 23(b)(3)(A)-(D). The court takes up each factor in turn.

### a. The Interest of Individual Class Members

The interest of individual class members does not weigh in favor of denying class certification. In this case, common issues predominate non-common issues, meaning that the typical class member would not meaningfully benefit from pursuing individual action through a lawsuit tailored to their specific facts. Though there may be some *potential* for greater recovery in individual suits, specifically because of the availability of attorney's fees, this does not mean a class action is inferior. A class action is still superior to multiple individual actions because "potential plaintiffs may be unaware of their right[s], or otherwise uninclined, to bring such an action." *Morrison v. Clear Mgmt. Sols.*, No. 1:17-CV-51, 2019 WL 122905, at *4 (D. Utah Jan. 7, 2019). Though individual class members "could recover more by bringing an individual action, any plaintiff who wishes to do so can opt out of this action and file separately." *Id*.

### b. The Extent and Nature of Prior Litigation

This factor favors certification because the parties present the court with no evidence of prior litigation related to the Defendants' unlicensed debt collection in Utah.

*c. The Concentration of Litigation in a Particular Forum*

This court is the most desirable forum for concentrating Plaintiffs' claims because the classes consist entirely of debtors who Defendants sued in the forum state. Therefore, this factor supports certification.

*d. The Difficulties Likely to be Encountered in Case Management*

Finally, manageability weighs in favor of certification. This factor "encompasses the whole range of practical problems that may render the class action format inappropriate for a particular suit." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 164 (1974). There do not appear to be any significant difficulties in managing the proposed class action. Moreover, this case revolves around common issues of law. Resolving such questions in a class action "promote[s] economy and fairness." *Morrison*, 2019 WL 122905, at *4.

For the reasons above, the court finds that the proposed classes meet Rule 23(b)(3)'s superiority requirement and, thus, satisfy both prongs of Rule 23(b)(3). As such, the court certifies each proposed class and turns to the issue of settlement approval.

## II.    SETTLEMENT APPROVAL

The second requirement for preliminary approval of a settlement under Rule 23(e)(1)(B) is that the settlement is "fair, adequate, and reasonable." The court next addresses whether Plaintiffs' classes meet this standard under the Tenth Circuit test and Rule 23(e)(2) factors.

### A. TENTH CIRCUIT FACTORS

### 1. The Settlement was Fairly and Honestly Negotiated

District courts within the Tenth Circuit have found settlements to be fairly and honestly negotiated where parties vigorously advocate their positions and where they reach a settlement through arms-length negotiations. *See In re Thornburg Mortg., Inc. Sec. Litig.*, 912 F. Supp. 2d 1178, 1241 (D.N.M. 2012). Here, the parties negotiated their settlement over a period of nine

11

months, engaged in discovery prior to an agreement, and have no apparent conflicts of interest. The facts support a finding that the settlement was reached through arms-length negotiations and vigorous advocacy. Accordingly, this factor weighs in favor of finding the settlement fair, reasonable, and adequate.

    **2.   Serious Questions of Law Exist, Placing the Outcome of the Litigation in Doubt**

The parties identify two main questions of law placing the outcome of the litigation and value of recovery in doubt. First, courts in the District of Utah have dismissed claims similar to Plaintiffs' due to findings that unlicensed debt collection does not alone constitute a violation of the UCSPA. *See, e.g.*, *McMurray v. Forsythe Fin., LLC*, No. 1:20-CV-8 TS, 2021 WL 83265, at *2–3 (D. Utah Jan. 11, 2021) (dismissing a similar case on summary judgment and finding that unlicensed collection cannot, as a matter of law, violate the UCSPA); *Buhler v. BCG Equities, LLC*, No. 2:19-CV-00814-DAK, 2020 WL 888733, at *4–5 (D. Utah Feb. 24, 2020), *reconsideration denied*, No. 2:19-cv-00814-DAK, 2020 WL 2085247 (D. Utah Apr. 30, 2020) (dismissing a similar UCSPA claim).

Second, there is serious doubt as to whether UCSPA class members can recover statutory damages in a class action suit. Utah Code § 13-11-19 provides that "[a] consumer who suffers loss as a result of a violation of this chapter may recover, but not in a class action, actual damages or $2,000 . . . ." Plaintiffs claim that at the damages stage of this suit, they will argue that Utah law's prohibition on class action damages is precluded by Rule 23 under the Supreme Court's decision in *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.* 559 U.S. 393 (2010). Plaintiffs assert that Defendants, on the other hand, will argue for the strict imposition of § 13-11-19. This disputed question of law could significantly affect the UCSPA class members' ability to recover damages and could lead to a reduced award for class members if this case were to proceed to trial.

Because there are two serious question of law that could impact class members' recovery, this factor weighs in favor of finding the settlement fair, reasonable, and adequate.

### 3. The Value of Immediate Recovery Outweighs the Mere Possibility of a More Favorable Outcome After Further Litigation

The value of immediate relief to the class outweighs the possibility of future relief. The settlement provides for a common fund of $152,000 for approximately 169 borrowers. This sum is nearly the same amount as the proceeds collected from class members by Defendants. This recovery is significant when compared with the possibility of future relief. First, *McMurray v. Forsythe Financial*, a similar case, is currently awaiting a decision from the Tenth Circuit. 2021 WL 83265. If the Tenth Circuit affirms the lower court's *res judicata* decision in *McMurray*, it will foreclose relief for most class members in the case before this court. Similarly, if the Tenth Circuit uses *McMurray* to rule that unlicensed collection cannot support a UCSPA claim, most class members will no longer have a claim within the statute of limitations. Moreover, Plaintiffs' claim that there are currently three appeals regarding unlicensed debt collection and the UCSPA before the Utah Court of Appeals. ECF No. 44 at 14. Rulings on these cases could similarly affect the viability of the class members' claims.

Before finding that this factor weighs in favor of the settlement, the court must note that if Plaintiffs can establish that they are entitled to statutory damages due to *Shady Grove*'s application to UCSPA, class members, collectively, could be entitled to $368,000. *See* ECF No. 44 at 14. As previously discussed, however, whether the court can grant statutory damages is a disputed question, so maximum damages for class members is anything but guaranteed. Ultimately, the court recognizes that while a trial in this case could result in relief greater than those included in the settlement, the value of a certain and immediate relief weighs in favor of a finding that the settlement is fair, reasonable, and adequate.

### 4. The Parties Believe the Settlement is Fair and Reasonable

The judgment of the parties favors a finding that the Settlement is fair and reasonable. Plaintiffs' counsel filed a motion proposing this settlement, ECF No. 44, and Defendants responded with their own filing, explaining that they do not wish to contest the court's preliminary settlement approval, ECF No. 45. The parties also maintain that they have worked together to produce this settlement over a series of months. ECF No. 42. Thus, this factor weighs in favor of a finding that the settlement is fair, reasonable, and adequate.

The court concludes that each Tenth Circuit factor supports a finding that the settlement is fair, reasonable, and adequate. The court now turns to an examination of the Rule 23(e)(2) factors.

### B. RULE 23(E)(2) FACTORS

### 1. The Class Representative and Class Counsel Have Adequately Represented the Class

Class counsel has adequately represented the class throughout the course of this matter. This factor focuses "on the actual performance of counsel acting on behalf of the class." Fed. R. Civ. P. 23(e)(2) advisory committee's note to the 2018 amendments; *Montgomery v. Cont'l Intermodal Grp.-Trucking LLC*, No. 19-940 GJF, 2021 WL 1339305, at *4 (D.N.M. Apr. 9, 2021). But courts have also "analyzed the adequacy of representation by evaluating adequacy under Rule 23(a)(4)." *Rodriguez v. Hermes Landscaping*, No. 17-2142-JWB-KGG, 2020 WL 3288059, at *2 (D. Kan. June 18, 2020).

Plaintiffs' counsel successfully defended Defendant's motion to dismiss, ECF No. 14, and successfully argued the class certification issue in the present motion. Additionally, Plaintiffs' counsel has allegedly conducted some class discovery and the parties have exchanged documents evincing Defendants' financial condition. *See* ECF No. 44 at 11. This successful work on the case prior to settlement "provided Class Counsel with 'an adequate appreciation of the merits of the case before negotiating.'" 2021 WL 1339305, at *10. Moreover, this court has already held that

14

Plaintiffs' counsel's representation was adequate under Rule 23(a)(4). Thus, converting Plaintiffs' attorney's role into that of class counsel is warranted and this factor is weighed in favor of settlement approval.

### 2. The Settlement was Negotiated at Arm's Length

The settlement was negotiated at arm's length. This factor is substantially the same as the Tenth Circuit factor asking whether the settlement was fairly and honestly negotiated. As discussed previously, this factor is satisfied.

### 3. The Relief Provided for the Class is Adequate

*a. Costs, Risks, and Delay of Trial and Appeal*

The relief provided for the class by the settlement is adequate given the potential costs, risks, and delay of trial and appeal. This factor is substantially similar to the second and third Tenth Circuit factors, which ask whether serious questions of fact exist that place the ultimate outcome of the litigation in doubt, and whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation. *Lawrence*, 2021 WL 3809083, at *6 (citing *Tennille*, 785 F.3d at 434). The court applies its previous analysis to find that this factor weighs in favor of settlement approval.

*b. Effectiveness of the Method of Distributing Relief to the Class, Including the Method of Processing Class-Members Claims*

Under this factor, the court "scrutinize[s] the method of claims processing to ensure that it facilitates filing legitimate claims" and "should be alert to whether the claims process is unduly demanding." *Montgomery*, 2021 WL 1339305, at *6 (quoting Fed. R. Civ. P. 23 advisory committee notes). Plaintiffs point out that this settlement does not require a complex claims administration procedure as all of the approximately 169 class members can be individually

identified using Defendants' lending records and public records. In fact, Plaintiffs claim that they have already identified most, if not all, class members.

Moreover, Plaintiffs note that they will provide notice of settlement to all class members by first-class mail to the last-known address on file with Defendants. Class members will not need to provide any information to calculate their relief, as payments will be allocated from the common fund pro-rata. Payment will be made by checks valid for 120 days, with any residual or uncashed funds reverting to a common fund to be dispersed *cy pres*, subject to the court's supervision. Administering the class notice and distributing relief by first-class mail to last-known address "constitute[s] the best notice practicable under the circumstances, and complie[s] with the requirements of the Federal Rules of Civil Procedure and due process." *Id*. at *6. Therefore, the court finds that this factor weighs in favor of settlement approval.

    c. *Terms of Any Proposed Award of Attorney's Fees, Including Timing of Payment*

Because the settlement specifies that attorney's fees will be paid from the common fund and subject to court approval, the court will have an opportunity to assess the reasonableness of any fees at the time Plaintiffs' counsel seeks approval of such fees from the court.

    d. *Any Agreement Required to be Identified Under Rule 23(e)(3)*

"Under this factor, the parties are required to 'file a statement identifying any agreement made in connection with the proposal.'" *Id*. at *8. According to the parties, the settlement is the only agreement between the parties made in connection with the proposal. Accordingly, this factor is satisfied. *Id*.

    **4. The Settlement Treats Class Members Equitably Relative to Each Other**

"The final factor seeks to prevent 'the inequitable treatment of some class members vis-a-vis others.'" *Montgomery*, 2021 WL 1339305, at *8 (quoting Fed. R. Civ. P. 23 advisory committee's notes). This factor looks to "whether the apportionment of relief among class

members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief." Fed. R. Civ. P. 23 advisory committee's notes.

This settlement treats class members equitability relative to one another for several reasons. First, each class member receives the same form of relief. Specifically, every class member is entitled to relief as a result of any efforts by Defendants to collect a judgment entered against them based on an unlicensed lawsuit filed within this case's statute of limitations. Second, distribution of the common fund will occur on a pro-rata basis based on amounts collected by or paid to Defendants while they were not registered. As in *Lawrence*, this method of relief "appropriately respects differences among class members claims by providing greater relief to class members who suffered greater harm." 2021 WL 3809083, at *7. Third, while the settlement provides for an incentive payment for named plaintiffs, this type of extra payout is allowed by courts "[w]hen a service award 'perform[s] the legitimate function of encouraging individuals to undertake the frequently onerous responsibility of [serving as the] named class representative' additional money awards are reasonable." *Rodriguez*, 2020 WL 3288059, at *4. The court will determine the amount of this incentive payment at a later stage of the class settlement process and ensure that the award is reasonable. For these reasons, the court is satisfied that the settlement treats class members equitably.

Having reviewed both the Tenth Circuit and Rule 23(e)(2) factors, the court concludes the settlement is fair, reasonable, and adequate. Therefore, the court grants the settlement preliminary approval subject to any objections, with final approval to be determined at a fairness hearing.

### III. CLASS NOTICE IS APPROVED

The proposed notice satisfies the requirements of Rule 23(e)(1). Having granted preliminary approval of the settlement, the court now approves notice of the settlement to be sent to all class members.

### CONCLUSION

For the foregoing reasons, Plaintiffs' motion is GRANTED. The court ORDERS that:

(1) The settlement classes proposed by Plaintiff are certified under Rule 23(b)(3). The court will enter a separate class certification order;

(2) The settlement is granted preliminary approval as fair, reasonable, and adequate;

(3) The parties are directed to begin class administration and provide notice to class members using Plaintiffs' proposed form of class notice, ECF No. 44-3, pursuant to Fed. R. Civ. P. 23(c)(2)(B);

(4) The names of class members who remain part of the settlement and all timely objections shall be electronically filed with the court no later than 3 business days from the end of the objection period;

(5) As contemplated by the settlement, a final fairness hearing will be set no earlier than 120 days after the date of entry of this order; and

(6) The parties will file supplemental memoranda in support of the settlement, class counsel's application for an award of attorney's fees and costs, and named Plaintiffs' request for an incentive payment no later than 14 days prior to the date set for the settlement hearing.

DATED February 2, 2023

                        BY THE COURT

                        _____
                        Jill N. Parrish
                        United States District Court Judge