IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AUGUSTO COTTE and MERCEDES HIDALGO,<br><br>      Plaintiffs,<br>v.<br><br>CVI SGP ACQUISITION TRUST; CVI SGPCO ACQUISITION TRUST; and JOHN DOES 1-10,<br><br>      Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR ATTORNEY'S FEES, LITIGATION COSTS, AND ADMINISTRATIVE COSTS**<br><br>Case No. 2:21-cv-00299-JNP-DAO<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

  Before the court is Augusto Cotte and Mercedes Hidalgo's ("Plaintiffs") motion for attorney's fees, litigation costs, and administrative costs. ECF No. 53. The court held a final fairness hearing in this case on June 15, 2023, at which time CVI SGP Acquisition Trust and CVI SGPCO Acquisition Trust ("Defendants") indicated they would not oppose this motion. To date, no opposition has been filed. For the reasons explained below, the court finds Plaintiffs' fee and cost requests reasonable and therefore GRANTS their motion.

## BACKGROUND

  The court previously granted preliminary approval of two settlement classes for claims made by Plaintiff under the Fair Debt Collection Practices Act ("FDCPA") and the Utah Consumer Protection Act ("UCSPA"). ECF No. 46. Following the court's order of preliminary approval, the class administrator sent notices via first class mail to all class members at the last known address available to Defendants. ECF No. 50 at 1. Out of 167 letters initially mailed out, fewer than 15% were returned as undelivered. *Id*. The class administrator then searched for updated addresses for all class members whose notices were returned and mailed out a second letter if new addresses

were found. *Id*. at 1-2. Letters were mailed to 15 of the 21 class members who previously did not receive notice. *Id*. at 2. In total, letters were successfully sent to 96% of the class. *Id*. The notice informed the class members of their right to opt out and provided an exclusion deadline of May 13, 2023. *Id*. As of this deadline, no class members elected to opt out. *Id*. (citing ECF No. 50-1). The notice further advised the class members that they could assert objections to the proposed settlement by May 18, 2023. *Id*. at 2. As of this deadline, no class member elected to object to the settlement. *Id*. (citing ECF No. 50-1).

On May 25, 2023, Plaintiff moved for final approval of the settlement classes. ECF No. 51. Five days later, on May 30, 2023, Plaintiff filed this motion. ECF No. 53. The motion sought payment of attorney's fees ($45,000), litigation costs ($435), and administrative costs ($10,000) before disbursements from the common fund to the class members. *Id*. at 2. On June 15, 2023, the court held a final fairness hearing to examine whether to certify the settlement classes. At this hearing, Defendants offered no opposition to either the final approval of the settlement classes or Plaintiffs' motion for fees and costs.

## LEGAL STANDARD

When facing a request for attorney's fees for a class action settlement, the "ultimate standard" is whether the amount requested is "reasonable." *Chieftain Royalty Co. v. Enervest Energy Institutional Fund XIII-A, L.P.*, 861 F.3d 1182, 1189 (10th Cir. 2017). The preferred method for calculating reasonable fees in the Tenth Circuit is the "percentage-of-the-fund method, which awards class counsel a share for the benefit achieved for the class." *Id*. at 1185–86.

District courts must apply the twelve *Johnson* factors when assessing the appropriate percentage of the common fund to award as attorney's fees. *Id*. (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

> The twelve *Johnson* factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions presented by the litigation, (3) the skill required to perform the legal services properly, (4) the preclusion of other employment by the attorneys due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount in controversy and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*White Family Minerals v. Eog Res., Inc.*, No. 19-cv-409-KEW, 2021 WL 6138867, at *3 (E.D. Okla. Nov. 12, 2021) (citing *Gottlieb v. Barry*, 43 F.3d 474, 482 n.4 (10th Cir. 1994)). "[R]arely are all of the *Johnson* factors applicable." *Uselton v. Commercial Lovelace Motor Freight, Inc.*, 9 F.3d 849, 854 (10th Cir. 1993).

## ANALYSIS

### I. ATTORNEY'S FEES

Plaintiffs request an award of $45,000 in attorney's fees, or just under 30% of the $152,000 common fund. They contend that awarding this percentage is appropriate based on a weighing of the relevant *Johnson* factors. After considering these factors, the court agrees and finds Plaintiffs' request reasonable.

#### A. TIME AND LABOR INVOLVED

Plaintiffs' counsel claims to have spent over 100 hours on this case. ECF No. 53 at 4. This includes arguing a motion to dismiss and negotiating the settlement. *Id*. The court agrees that the time and labor counsel has spent on this case supports the fee award.

#### B. THE NOVELTY AND DIFFICULTY OF THE QUESTIONS

This case involved novel and difficult questions of law. They include whether Plaintiffs' reliance on the collection licensure statute raises private right of action concerns, whether conducting such unlawful collection violates the UCSPA and FDCPA, whether res judicata bars Plaintiffs' claims, what allegations are sufficient to establish knowledge or intent under the

3

UCSPA, and what class-wide relief is available to a UCSPA class in an action pending before a federal court. In brief, this factor supports the requested fee award.

### C. THE SKILL REQUIRED TO PERFORM THE LEGAL SERVICES PROPERLY

Plaintiffs argue that "class actions tend to involve a specialized area of the law which is often complex and difficult, and where some degree of extra skill is needed to litigate the cases properly." *Cazeau v. TPUSA, Inc.*, No. 2:18-cv-00321-RJS-CMR, 2021 WL 1688540, at *9 (D. Utah Apr. 29, 2021). They add that, given the novelty of the issues, this case involved more skill than a "garden variety" class action. *Id*. The court agrees. This factor favors the award of the requested fee.

### D. THE PRECLUSION OF OTHER EMPLOYMENT BY THE ATTORNEY DUE TO THE CASE

Plaintiffs state that the preclusion of other employment "is not a significant factor in determining an appropriate fee in this case." ECF No. 53 at 6. Thus, this factor is neutral in determining the reasonable fee award amount.

### E. CUSTOMARY FEE

Plaintiffs point to several courts that have allowed much higher fee percentages in similar cases, ranging up to 40%. *See e.g.*, *Bradshaw v. Hilco Receivables, LLC*, 10-0113- RDB, (D. Md.) (40%); *Veiga, et al., v. Suntrust Bank*, 09-2815-PGW, (D. Md.) (40%); *Baker v. Sunshine Financial Group, LLC.*, 11-02028-PWG (D. Md.) (40%); *Tyeryar v. Main St. Acquisition Corp.*, 11-00250-CCB (D. Md.) (40%); *Johnson v. Midland Funding, LLC.*, 09-2391-ELH, (D. Md.) (39%); *Castillo v. Nagle & Zaller, PC.*, 12-002338-WDQ, (D. Md.) (40%). Additionally, in *Brown v. Phillips Petroleum Co.*, the Tenth Circuit specifically observed that fee awards in several similar cases ranged between 22% and 37.3 %. 838 F.2d 451, 455 n.2 (10th Cir. 1988). Because much higher percentages have been found reasonable, the court is more than satisfied that this factor weighs in favor of approving the roughly 30% fee award.

### F. PREARRANGED FEES

Plaintiffs have informed the court that this case was initially taken on a contingency fee basis. Courts consistently find "this type of arrangement, under which counsel runs a significant risk of nonpayment, weighs in favor of the reasonableness of a requested fee award." *Blanco v. Xtreme Drilling & Coil Servs., Inc.*, No. 16-cv-00249-PAB-SKC, 2020 WL 4041456, at *6 (D. Colo. July 17, 2020). Thus, this factor favors approving the proposed fee.

### G. THE NATURE AND LENGTH OF THE PROFESSIONAL RELATIONSHIP WITH THE CLIENT

This case has been pending for two years and the present counsel has represented Plaintiffs from the very start. Thus, the duration of the case weighs in favor of the requested fee.

### H. THE AMOUNT INVOLVED AND THE RESULTS OBTAINED

Each class member will receive over $500 from the common fund even after deducting fees and costs. This is a positive outcome for the class members. Therefore, this factor weighs in favor of the proposed fee amount.

### I. THE EXPERIENCE, REPUTATION, AND ABILITY OF THE ATTORNEYS

Class counsel has significant experience with the UCSPA and the FDCPA. Indeed, counsel in this matter has represented multiple similar classes in UCSPA and FDCPA cases. *See* ECF 44-2. This factor weighs in favor of the requested fee.

### J. UNDESIRABILITY

Plaintiffs contend that there are "few attorneys practicing in this field in Utah and even less willing to do it on a contingency basis." ECF No. 53 at 8. Taking this claim at face value, the court finds the "undesirability" factor supports the requested award, because while this case may not be particularly undesirable, the requested percentage appropriately reflects its slight undesirability.

### K. AWARDS IN SIMILAR CASES

Finally, Plaintiffs point out that awards in similar cases are comparable to that requested here. They specifically cite *Cazeau v. TPUSA, Inc.*, which approved a contingency fee of one-third of the class settlement and listed cases showing that such a fee is customary and consistent with similar cases. 2021 WL 1688540, at *9. This factor supports Plaintiffs' fee request.

In sum, nearly every *Johnson* factor favors the reasonability of Plaintiffs' requested attorney's fee. Thus, the court awards the requested fee amount.

## II. LITIGATION COSTS

Plaintiffs also seek recovery of $435 in litigation costs, which are intended to reimburse the filing fee and the cost of serving the complaint. The court finds this request to be both reasonable and consistent with the terms of the Settlement Agreement. Accordingly, litigation costs are awarded.

## III. ADMINISTRATIVE COSTS

Plaintiffs request reimbursement for $10,000 in administrative costs. This amount is based on an estimate derived from the cost of the first round of mailings. ECF No. 53 at 9 (citing ECF No. 53-1). The administrative costs are to be paid from the common fund under the terms of the parties' Settlement Agreement. ECF 44-1 at * 7. The court finds that Plaintiffs are entitled to their requested reimbursement of administrative costs.

## CONCLUSION & ORDER

For the reasons explained above, Plaintiffs' motion is GRANTED. Plaintiffs are entitled to $45,000 in attorney's fees for class counsel, $435 in litigation costs for class counsel, and $10,000 in administrative costs for the class administrator. These funds are to be paid from the common fund.

DATED August 18, 2023

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge